# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.W., a minor, by and through guardian ad litem Alisha White, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, et al., <br><br> Defendants. | Case No.: 1:21-cv-01352-DAD-JLT <br><br> ORDER GRANTING APPLICATION TO APPOINT ALISHA WHITE AS THE GUARDIAN AD LITEM FOR PLAINTIFF A.W. <br><br> (Doc. 4) |

This action involves a fatal officer-involved shooting of Plaintiffs' father, Mickel E. Lewis Sr. on October 2, 2020. (*See* Doc. 1 at 2.) Alisha White seeks appointment as the guardian ad litem for minor plaintiff A.W., who is her biological child. (Doc. 4 at 2.) For the reasons set forth below, the petition is **GRANTED**.

**I.      Appointment of a Guardian Ad Litem**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may

1

appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). For example, "[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

## II.     Discussion and Analysis

A.W. is under the age of eighteen (Doc. 4 at 2) and is a minor under California law. *See* Cal. Fam. Code § 6502. As a minor, her ability to bring suit is contingent upon appointment by the court of a guardian ad litem. Upon review of the complaint, it does not appear there are adverse interests because although Alisha White is included in the caption, she is not listed as a party in the complaint, and the only claims in the complaint are asserted on behalf of the minor children. (*See generally* Doc. 1.) Ms. White also consents to act as guardian ad litem for A.W. (Doc. 4-1 at 2.)

Because there is neither an actual nor potential conflict of interest between the minor plaintiff and Ms. White, appointment of Ms. White as guardian ad litem for her child in this action is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (appointment of a guardian is appropriate where the person requesting appointment has "the same interests as the child" and there is no inherent conflict of interest); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem").

## III.    Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Alisha White has any conflicting interests with the minor plaintiff, and as such she may be appointed to represent the interests of her child. Therefore, the Court is acting within its discretion to grant plaintiff's motion for appointment of Ms. White as her guardian ad litem. Based

upon the foregoing, the Court **ORDERS**:

1. The motion for appointment of Alisha White as guardian ad litem for A.W. (Doc. 4) is **GRANTED**; and
2. Alisha White is appointed to act as guardian ad litem for plaintiff A.W. and is authorized to prosecute the claims on her behalf.

IT IS SO ORDERED.

Dated: **September 22, 2021**          /s/ Jennifer L. Thurston
CHIEF UNITED STATES MAGISTRATE JUDGE